**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Juan Aviles and Juan Aviles-Reza individually
and on behalf of other employees similarly
situated, Plaintiffs
v.
Visanu Thai 55, Inc. and Visanu Srisak,
individually, Defendants

**COMPLAINT**

NOW COME the Plaintiffs, Juan Aviles and Juan Aviles-Reza, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiffs") through counsel, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and complains against Visanu Thai 55, Inc. ("Thai 55") and Visanu Srisak, individually, (collectively, "Defendants") and in support of this Complaint, states:

**INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiffs' FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiffs were employed by Defendants in Cook County, which is in this judicial district.

8. During the course of employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., and the IMWL, 820 ILCS 105/1 et seq.

### Defendants

9. Defendant Thai 55 is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant Thai 55 has annual gross sales of $500,000.00 or more.

11. Plaintiffs and other similarly-situated employees of Defendants handled goods that moved in interstate commerce.

12. Defendant Thai 55 was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

13. Defendant Visanu Srisak is the president of Thai 55 and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Visanu Srisak was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

15. Defendant Visanu Srisak resides and is domiciled in this judicial district.

## **FACTS**

16. Plaintiff Juan Aviles has worked for Defendants from February 2003 to the present.

17. Plaintiff Juan Aviles-Reza worked for Defendants from 2005 to August 2015.

18. Plaintiffs worked at Defendant's location at 1607 E. 55th St, Chicago, Illinois.

19. Plaintiffs' job functions included preparing and cooking food.

20. Plaintiffs did not receive a bonified lunch break.

21. Plaintiffs were paid on a weekly basis.

22. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week in one or more individual work weeks.

23. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Plaintiffs did work in excess of forty (40) hours per week in one or more individual work weeks.

24. In the three (3) years prior to Plaintiffs filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week, up to seventy two (72) hours per week in one or more individual work weeks.

25. Although Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half her regular hourly rate of pay for all hours worked in excess of forty (40) hours. Instead, Defendants paid Plaintiffs a fixed salary for all hours worked weekly, including hours worked in excess of forty (40) hours per week.

26. Plaintiff Juan Aviles was paid a fixed weekly salary.

27. Sometimes Plaintiff Juan Aviles was paid by check and other times he was paid in cash.

28. Plaintiff Juan Aviles-Reza was paid a fixed weekly salary.

29. Plaintiff Juan Aviles-Reza was paid in cash.

30. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

31. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

32. Defendants failed to pay Plaintiffs or the class members a rate not less than one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## **COUNT I: VIOLATION OF THE FLSA: Overtime Wages**

33. Plaintiffs re-incorporate by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

34. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

35. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

37. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

38. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

**COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW: Overtime Wages**

39. Plaintiffs re-incorporate by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

40. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

41. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks, up to seventy two (72) hours in individual work weeks.

42. Plaintiffs was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44. Defendant's violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

45. Pursuant to 820 ILCS 105/12(a), Plaintiffs is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**s/ Valentin T. Narvaez**
Valentin T. Narvaez 6300409
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com